# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Riley S. Kuntz, | ) |
| Plaintiff, | ) **ORDER GRANTING DEFENDANT'S** |
| | ) **MOTION TO DISMISS AND DENYING** |
| vs. | ) **PLAINTIFF'S MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| U.S Department of Justice, | ) |
| | ) Case No. 1:17-cv-223 |
| Defendant. | ) |

This is an action brought by plaintiff, Riley S. Kuntz ("Kuntz"), seeking relief against the United States Department of Justice ("DOJ") for alleged violations of the Freedom of Information Act ("FOIA"). Before the court now is DOJ's Motion to Dismiss and Kuntz's Motion for Summary Judgment. Both DOJ and Kuntz have consented to the undersigned's handling of the case.

## I.   BACKGROUND

Kuntz claims in his complaint that, after reviewing a report prepared by the Government Accountability Office ("GAO") entitled <u>Face Recognition Technology, FBI Should Better Ensure Privacy and Accuracy</u>" (GA0-16-267), he made a FOIA request to the FBI dated August 9, 2016, as follows:

> 1. Please supply records relating to an agreement between the FBI and the BCI or the NDDOT authorizing or allowing the search of any ND Driver License or non-photo identification database pursuant to a request from any government agency for the purposes of FACE or FIRS or NGI-IPS.
>
> 2. Please supply any perceived or actual statutory authority relating to the denial of any of these requests.

(Doc. No. 1). The thrust of Kuntz's remaining allegations as to what happened leading up to the filing of this action are:

1

(1) the FBI denied Kuntz's FOIA request on the grounds it could find no responsive documents;

(2) Kuntz thereafter exhausted his administrative remedies before the FBI and then the DOJ with his requests being again denied at each stage based on the grounds that no responsive documents were located;

(3) Kuntz then employed FOIA to "obtain additional information regarding the Request" from the GAO;

(4) the GAO located the MOU and forwarded it to the FBI along with a request to release the MOU to Kuntz;

(5) the FBI then treated the GAO request as new FOIA request via a letter dated March 22, 2017;

(6) as of October 17, 2017 (the day Kuntz filed suit) no responsive documents were forthcoming.

(Id.).

Kuntz alleges two violations in his complaint. The first is the failure of the FBI to respond to his request within the twenty-day time frame prescribed by 5 U.S.C. § 552(a)(6)(A)(i). The second is the withholding by the FBI of responsive documents in violation of 5 U.S.C. § 552(a)(3)(A). In his prayer for relief, Kuntz asks the court to order the FBI to produce all responsive documents and prepare a Vaughn index for any withheld documents. He also seeks costs pursuant to 5 U.S.C. § 552(a)(4)(E). (Id.).

On November 15, 2017, DOJ requested an extension of time to respond to Kuntz's complaint, in part, because it was processing a responsive document and anticipated it would be able

to produce the document within the next twenty days—potentially mooting this action. (Doc. No. 5). The court granted this request. (Doc. No. 7).

On December 7, 2017, counsel for DOJ provided Kuntz a complete, unredacted copy of a document entitled: "Memorandum of Understanding (MOU) between the FBI, Criminal Justice Information Services Division and the North Dakota Attorney General, Bureau of Criminal Investigation: Concerning the Search of Probe Photos Against the North Dakota Attorney General of Criminal Investigation Photo Repository" ("MOU"). The MOU was signed by the FBI and by the North Dakota Attorney General's Bureau of Criminal Investigation ("BCI") in May 2013.

## II.  STANDARD OF REVIEW

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court may consider a facial challenge based on the allegations in the plaintiff's complaint or a factual challenge based on a record developed on the specific issue of jurisdiction. See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). "When a district court engages in a factual review, it inquires into and resolves factual disputes." Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). To resolve those factual disputes, "the court may receive competent evidence such as affidavits, deposition testimony, and the like . . . ." Titus v. Sullivan, 4 F.3d 590, 593 & n.1 (8th Cir. 1993). Here, DOJ has submitted evidence outside the pleadings regarding the court's jurisdiction. The court will consider this evidence in determining whether subject-matter jurisdiction exists since Kuntz has had opportunity to respond to the proffered evidence.

3

## III.   DISCUSSION

### A.   DOJ's motion to dismiss

#### 1.   Dismissal on grounds of mootness

Under Article III of the United States Constitution, the judicial power of the United States extends only to cases and controversies. See U.S. Const., art. III, § 2, cl. 1. Thus, "Article III . . . limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (alteration in original)).

It is well-established that a claim for relief under FOIA becomes moot and subject to dismissal if the government department or agency produces the requested documents after a complaint has been filed. See, e.g., Von Grabe v. U.S. Dep't of Homeland Security, 440 Fed. App'x 687, 688 (11th Cir. 2011) (unpublished per curiam) ("If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought."); Heide v. LaHood, 406 Fed. App'x 83 (8th Cir. 2010) (unpublished per curium); Cornucopia Institute v. U.S. Dep't of Ag., 500 F.3d 673, 675-76 (7th Cir. 2009) ("Cornucopia Institute"); Anderson v. US. Dep't of Health & Human Services, 3 F.3d 1383, 1384-85 (10th Cir. 1993) ("Anderson"); Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986) ("Carter"). Further, given FOIA's limited remedies, this is the case even if there has been agency noncompliance. See id.

Here, there is no dispute that DOJ ultimately provided the MOU to Kuntz. Further, Kuntz has not contended in his response to DOJ's motion to dismiss that, aside from the lack of untimeliness and his having to initiate this action, this did not satisfy his FOIA request. Consequently, in light of the foregoing authority, this case is now moot and subject to dismissal on the merits save for Kuntz's claim for litigation costs, which is addressed next.

### 2. Kuntz's claim for litigation costs

Dismissing the action as moot does not preclude an award of reasonable litigation costs since this a separate question the court may address. E.g. Cornucopia Institute, 500 F.3d at 676-77; Anderson, 780 F.2d at 1385; Carter, 780 F.2d at 1481; Ginter v. I.R.S., 648 F.2d 469, 471 (8th Cir. 1981) ("Ginter").

In a FOIA action, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). A complainant is deemed to have substantially prevailed if he "has obtained relief through either--(I) a judicial order, or enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The decision to award fees and costs is left to the court's discretion and requires a two-part inquiry: "(1) whether the complainant is *eligible* for fees under the statute and (2) whether the complainant is *entitled* to fees under the statute." Argus Leader Media v. U.S. Dep't of Agric., No. 4:11-cv-04121, 2017 WL 3316050, at *1 (D.S.D. Aug. 3, 2017) (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1389 (8th Cir. 1985) and Brayton v. Office of U.S. Trade Representative, 641 F.3d 521, 524 (D.C. Cir. 2011)) (emphasis added).

At this point, with respect to "eligibility," the only thing the court knows for sure is that DOJ produced the MOU after this case was commenced and that the MOU was an agreement signed by the FBI. Given the latter, there is a least a fair inference the FBI had a copy when Kuntz made his FOIA request. And, if so, then it is likely Kuntz will be able to prevail on the issue of "eligibility."

Based on what is alleged in the complaint, however, there is the possibility the FBI lost its only record of the MOU. Then, after being sent a copy by the GAO (if that is what took place), the FBI took the position it really did not have to do anything because Kuntz's FOIA request had already been adjudicated and its responses were fair and accurate at the time when they were made. There may be other possibilities, including the fact the FBI was able to locate the MOU in its files after receiving the MOU from the GAO or would have been able to do so after being armed with more specific information.

As discussed more fully in a moment, DOJ did address the issue of fees and costs on a preliminary basis in its reply brief. However, it is not clear from what DOJ briefed whether it would contest "eligibility." But, if it wishes to do so and rebut the fair inference the FBI would have retained a copy of any agreement it signed, the court will likely have to hold an evidentiary hearing at which DOJ can present testimony from appropriate persons at the FBI as to what it claimed happened and why it did not have the MOU at the time the FOIA request was made.

DOJ did make several arguments in its reply brief for why Kuntz would not be "entitled" to fees and costs if he was "eligible." These appear to have been made in an attempt to dissuade Kuntz from proceeding further and not in anticipation of receiving a ruling on questions with respect to which Kuntz procedurally had no opportunity to respond. In fact, DOJ took the position that the issue of costs was premature because the court has not yet entered judgment, citing Coven v. U.S.

6

Office of Pers. Mgmt., No. 07-1831, 2009 WL 3174423, at *20 (D. Ariz. Sept. 29, 2009).

While the court agrees the issue of fees and costs is not now properly before it, the court will offer some observations and comments with respect to some of the points that DOJ raised in hopes it might help the parties resolve the issue of costs without further filings and the court having to deal with this case again. The court notes the following:

DOJ claims that the MOU was readily available on the worldwide web and Kuntz could have found it using a simple search. More particularly, DOJ claims that, if Kuntz had used Google for his search and typed in the name of the MOU, the first returned link would have lead directly to it. The problems with this contention appear to be several.

The first is DOJ's redefining of Kuntz's FOIA request by the document it finally produced. Based on the information before the court, it appears Kuntz's FOIA request was for: "records relating to an agreement between the FBI and the BCI or the NDDOT authorizing or allowing the search of any ND Driver License or non-photo identification database pursuant to a request from any government agency for the purposes of FACE or FIRS or NGI-IPS." There is no indication that Kuntz knew for sure there was an agreement at the time he made his request, much less that he knew its name so that he could have conducted the precise internet search DOJ now suggests could have been conducted.[1]

Second, DOJ has made no showing the MOU was available on the worldwide web when Kuntz made his FOIA request. In fact, the links that DOJ has cited suggest the contrary.

Third, even if the MOU was available someplace on the worldwide web, the authority that

---

[1] While FOIA only requires the FBI to produce the documents in its possession, presumably it was equally capable of conducting the internet search it now claims could easily have been conducted, if only as an aid to locating the MOU by name and subject matter within its filing system.

7

DOJ cites for its apparent contentions that Kuntz was obligated to search the internet before making his FOIA request and then, when no responsive documents were forthcoming after he made his request, search it again before he filed his action, are thin gruel. While there is some authority supporting DOJ's argument that the fact requested documents were publically available from sources other than agency to whom the FOIA request was made can be considered in awarding costs, the court believes this would be only one factor for the court to consider in awarding costs, assuming it is a permissible one. Further, it likely would be confined to cases where it is clear the person making the request knew (or, perhaps, should have known) of the public availability of the documents - at least in the absence of Congress amending FOIA to require the person making the request to first make a reasonable internet search. Otherwise, a broad application of what DOJ now argues would amount to a *de facto* shifting of the burdens under FOIA and evisceration of the only penalty that Congress included in FOIA to promote diligent agency compliance.

On the other hand, DOJ has provided documentation that suggests: (1) Kuntz was provided a copy of the MOU by the State of North Dakota pursuant to a state "open records" request *before* he filed the present action; and (2) his only purpose for commencing this action was to recover his costs and hold the government accountable for its failure to produce the document. If these contentions are true, Kuntz may not be entitled to recovery his costs, notwithstanding any lack of diligence on the part of the FBI and DOJ. This is because, in order to recover fees and costs, Kuntz must demonstrate: (1) that the prosecution of this action could reasonably be regarded as necessary to obtain the information; and (2) that the litigation caused the release of the information. Gavin v. U.S.S.E.C., No. 04-4522, 2007 WL 2454156, at *14 (D. Minn. Aug. 23, 2007). Here, the fact Kuntz obtained the MOU prior to initiating this action, if true, may prevent him from being able to

satisfy the first requirement.

Also, even though it may still be an open question in the Eighth Circuit, the DOJ is likely correct with respect to the fact that Kuntz cannot collect what amounts to attorney's fees because he is a *pro se* litigant who is not an attorney. See, e.g., Carter, 780 F.2d at 1481; Simon v. Federal Bureau of Prisons, No. 16-cv-00704, 2016 WL 5109543, at *5 (D. Minn. Aug. 29, 2016); Coolman v. I.R.S., 1999 WL 675319, at *7 (W.D. Mo. July 12, 1999); but see Crooker v. U.S. Dept. of the Treasury, 634 F.2d 48, (2d Cir. 1980) (agreeing that pro se litigants are not entitled to attorney's fees when they are not attorneys but holding out the possibility of some recovery upon proof of diversion of the *pro se* litigant's time from income producing activity); cf. Ginter, 648 F.2d at 470-73 & n.3 (8th Cir. 1981) (noting the cases holding that *pro se* litigants cannot recover attorney fees when they are not attorneys in a FOIA action and the Second Circuit's decision in Crooker suggesting that some alternative recovery may be allowed, but making no ruling on these points). Also, Kuntz is not entitled to recover sums that provide compensation for what amounts to aggravation since that would amount to a recovery of damages, which is not a permitted form of relief under FOIA. See, e.g., Johnson v. City of Shorewood Minnesota, 360 F.3d 810, 816 (8th Cir. 2004); ("FOIA . . . is a comprehensive scheme that provides for injunctive relief only, not tort liability or damages . . . ."); O'Toole v. I.R.S., 52 Fed. App'x 961, 962 (9th Cir. 2002) (FOIA does not authorize a claim for damages).

**B.     Kuntz's motion for summary judgment**

DOJ contends that Kuntz's motion for summary judgment is premature because it has not yet answered the case or had the opportunity to conduct discovery. This motion is rendered moot by the court's ruling that Kuntz's case has been rendered moot by DOJ's production of the MOU.

## IV. CONCLUSION

The DOJ's motion to dismiss (Doc. No. 9) is **GRANTED ON GROUNDS OF MOOTNESS**. Kuntz's motion for summary judgment (Doc. No. 13) is **DENIED ON GROUNDS OF MOOTNESS**. Any request for fees and costs shall be made separately after entry of judgment in accordance with this court's Civil Local Rule 54.1(A) for recovery of costs. Local Rule 54.1 (A) is available on the court's website. If any costs are awarded, they will be reflected in an amended judgment.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court